*845 OPINION
PER CURIAM.
Chad Hatten appeals from the District Court’s order denying for lack of subject matter jurisdiction his habeas petition pursuant to 28 U.S.C. § 2241. The Government has moved for summary affirmance. Because we agree that Hatten cannot challenge his federal identity theft conviction with a § 2241 petition, and that he instead must do so pursuant to 28 U.S.C. §§ 2244 and 2255, we will grant the Government’s motion and affirm the order of the District Court.
I.
Hatten is currently serving a ninety-month sentence based on his convictions in the United States District Court for the Southern District of Texas for Fraud in Connection with Access Devices, Access Device Fraud, and Aggravated Identity Theft. In July 2007, Hatten filed a § 2255 motion, which was denied on the merits. His request for a certificate of appealability (“COA”) was also denied. See United States v. Hatten, No. 08-20487 (5th Cir. June 22, 2009).
While his COA request was pending in the Fifth Circuit, Hatten filed the § 2241 petition at issue. Therein, Hatten claimed “actual innocence” of Aggravated Identity Theft and argued that his sentence for that crime has resulted in an Ex Post Facto Clause violation. Given that Hatten was being confined in FCI-McKean at the time, the § 2241 petition was transferred from the Southern District of Texas to the United States District Court for the Western District of Pennsylvania. See Hatten v. United States of America, No. 07-cv-02927, dkt #4 (S.D.Tx. Nov. 23, 2007).
After the transfer, Hatten moved for summary judgment on his § 2241 petition. The Magistrate Judge concluded that since Hatten’s “claims challenge the imposition of his sentence, rather than the execution of his sentence, a habeas corpus petition filed under § 2241 is not the appropriate vehicle.” The Magistrate Judge also concluded that Hatten was not entitled to “the benefit of § 2255’s savings clause.” The District Court adopted the Magistrate Judge’s report and recommendation, denied Hatten’s motion for summary judgment, and dismissed his habeas petition for lack of subject matter jurisdiction. Hatten appealed.
II.
We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). A COA is not required to appeal from the denial of Hatten’s § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir.2009). We exercise plenary review over the District Court’s legal conclusions, and review its factual findings for clear error. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir.2002). Summary affirmance is proper when “it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action.” Third Circuit I.O.P. 10.6.
III.
The presumptive means by which a federal prisoner can challenge the validity of his conviction or sentence is by motion pursuant to 28 U.S.C. § 2255, unless such a motion would be “inadequate or ineffective.” Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002). Lack of success in a previous § 2255 motion, without more, does not render § 2255 inadequate or ineffective; nor do AEDPA’s restrictions on filing successive § 2255 motions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir.2002). We agree with the Government that Hatten’s case does not fit within the narrow class of *846 circumstances where a § 2255 motion would in fact be inadequate or ineffective to challenge a conviction, and that the District Court properly dismissed Hatten’s § 2241 petition for lack of subject matter jurisdiction.
Therefore, because no “substantial question” is presented by this appeal, we grant the Government’s motion for summary af-firmance and will affirm the judgment of the District Court. For Hatten’s benefit, we note that should he choose to file a subsequent § 2255 motion, he must obtain authorization to do so in accordance with the procedures outlined in 28 U.S.C. §§ 2244 and 2255.